UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DANIEL PAILES,

    Plaintiff,

        v.

UNITED STATES PEACE CORPS,

    Defendant.

Civil Action No. 08-2214 (JDB)

## MEMORANDUM OPINION

This matter is before the Court on defendant's motion to dismiss, plaintiff's opposition thereto, and defendant's reply. For the reasons discussed below, defendant's motion will be granted.

### I. BACKGROUND

Plaintiff alleges that he sustained an injury in March 1989 while working in Mali as a volunteer with the United States Peace Corps ("Peace Corps"). *See* Compl. at 3, 23. Generally, he alleges that the Peace Corps failed to provide him adequate medical treatment and subsequently inserted false information into his medical file pertaining to his diagnosis, *see id.* at 3, 22-23, placing his "record in false light before the public and within the agency," *id.* at 28, and "besmirching and impugning [his] character," *id.* at 27. For reasons that are not clearly articulated in the complaint, plaintiff alleges that he was "officially coercively discharged with an inaccurate medical separation." *Id.* at 27; *see id.* at 55. The false information in the medical file allegedly prevents him from securing employment, particularly employment with the federal government or a government contractor. *See id.* at 23-25, 72.

It appears that plaintiff brings this action against the Peace Corps under the Rehabilitation Act, 29 U.S.C. § 794, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111, *et seq.*, the Federal Employment Compensation Act ("FECA"), 5 U.S.C. § 8101 *et seq.*, the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, the Privacy Act, 5 U.S.C. § 552a, and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*  Among other relief, plaintiff demands compensatory damages and injunctive relief.  Compl. at 59, 63, 65-67.

## II.  DISCUSSION

### A.  Neither Res Judicata Nor Collateral Estoppel Bars Plaintiff's Claims Against the Peace Corps

By his own admission, plaintiff has filed suit against the Peace Corps on at least two prior occasions.  *See* Compl. at 11, 22, 29, 41; Pl.'s Mot. in Opp'n to Def.['s] Mot. to Dismiss ("Pl.'s Opp'n") at 10 (referring to "many other cases in 1980's - 2003").  The Peace Corps moves to dismiss this action on the ground that plaintiff's entire complaint is barred under the doctrines of res judicata and collateral estoppel.  *See* Mem. of P. & A. in Supp. of Def.'s Mot. to Dismiss the Compl. ("Def.'s Mem.") at 8-11.  Plaintiff counters that "[t]he judicial system has not once considered [his] case on the merits."  Pl.'s Opp'n at 7; *see id.* at 12.  Moreover, he asserts that his "course of action differs from [his] prior complaint in 2002," *id.* at 2, as he also brings constitutional claims and other tort claims in this action, *id.* at 3-6.

#### 1.  Res Judicata (Claim Preclusion)

Generally, a plaintiff is expected to "present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence."  *U.S. Indus., Inc. v. Blake Constr. Co.,* 765 F.2d 195, 205 (D.C. Cir. 1985) (quoting 1B J. Moore, *Moore's Federal Practice*, ¶

0.410[1] (1983)). "Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action," *Montana v. United States*, 440 U.S. 147, 153 (1979), on "any ground for relief which [the parties] already have had an opportunity to litigate[,] even if they chose not to exploit that opportunity[,]" regardless of the soundness of the earlier judgment, *Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981). Among other things, the doctrine is designed to promote judicial economy by preventing needless litigation. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979) (citation omitted).

Under res judicata, "a subsequent lawsuit will be barred if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006) (citations omitted); *see Polsby v. Thompson*, 201 F. Supp. 2d 45, 48 (D.D.C. 2002); *Brannock Assocs., Inc. v. Capitol 801 Corp.*, 807 F. Supp. 127, 134 (D.D.C. 1992).

### 2. Collateral Estoppel (Issue Preclusion)

"The Supreme Court has defined issue preclusion to mean that 'once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case.'" *Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)), *cert. denied*, 506 U.S. 1078 (1993). "To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v.*

*United States*, 440 U.S. at 153-54.

### 3. Plaintiff's Prior Civil Action Against the Peace Corps[1]

In 2002, plaintiff "filed a document seeking the appointment of an attorney and describing alleged claims against [the Peace Corps]" in the United States District Court for the District of Massachusetts.  *Pailes v. United States Peace Corps*, Civ. No. 02-11358-MEL (D. Mass. Nov. 21, 2002) (Memorandum and Order) at 1.[2]  "Without reciting all of the facts alleged by plaintiff, . . . he claim[ed] that he has been wrongfully denied federal employment compensation for an alleged injury he suffered while serving in the Peace Corps."  *Id.*  On initial review of the complaint, the court found that it lacked subject matter jurisdiction over plaintiff's claim because the FECA provided the exclusive remedy for an on-the-job injury for federal employees, including Peace Corps volunteers.  *Id.* at 3.  "[T]o the extent that plaintiff [sought] review of [the] denial of FECA benefits and damages for . . . pain and suffering, his complaint should be dismissed because these claims are not cognizable[.]"  *Id.* at 4.  Because plaintiff neither had paid the filing fee nor submitted an application to proceed *in forma pauperis*, the court directed him to do so.  *Id.* at 1, 6.  In addition to denying his request for appointed counsel, the court advised plaintiff that, "if [he] file[d] an Application to Proceed Without Prepayment of

---

[1] Plaintiff's prior civil action in this district against Carol Bellamy, former Director of the Peace Corps, was dismissed as frivolous. *Pailes v. Bellamy*, Civ. No. 95-1192 (UNA) (D.D.C. June 22, 1995) (dismissal order).  The pleadings are not on the Court's electronic docket, and the case jacket is not available.

[2] The Court takes judicial notice of the records of the United States District Court for the District of Massachusetts.  *See Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005); *Does I through III v. District of Columbia*, 238 F. Supp. 2d 212, 216-17 (D.D.C. 2002).  A copy of the November 21, 2002 Memorandum and Order is attached as an exhibit both to plaintiff's complaint and the Peace Corps' motion to dismiss.

Fees and Affidavit or pays the filing fee, he [was] directed to demonstrate good cause why this action should not be dismissed." *Id.* at 6. Presumably because plaintiff took no further action, the case was dismissed. *Pailes v. United States Peace Corps*, Civ. No. 02-11358-MEL (D. Mass. Dec. 23, 2002) (dismissal order).

### 4. Dismissal of the Massachusetts Case Has No Preclusive Effect

It is clear that plaintiff has sued the same party, the Peace Corps, both in this district and in the District of Massachusetts, and his cause of action is the same as well. In both cases, the facts on which plaintiff relies pertain to the injury he suffered in March 1989 in Mali and the alleged denial of proper medical care. Although the sole issue before the Massachusetts court appears to have been the denial of federal employment compensation benefits, it appears that plaintiff had an opportunity to litigate any other claims at that time, including those pertaining to his separation. The Peace Corps' motion based on res judicata fails, however, because the Peace Corps cannot show that there has been a final judgment on the merits by a court of competent jurisdiction. "[D]ismissals for lack of jurisdiction are not decisions on the merits and therefore have no res judicata effect on subsequent attempts to bring suit in a court of competent jurisdiction." *Kasap v. Folger Nolan Fleming & Douglas, Inc.*, 166 F.3d 1243, 1248 (D.C. Cir. 1999) (citations omitted); *see Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2002); *Prakash v. Am. Univ.*, 727 F.2d 1174, 1182 (D.C. Cir. 1984).

Similarly, the Peace Corps' motion based on collateral estoppel fails because dismissal for lack of subject matter jurisdiction has no preclusive effect. *See Stewart v. Geostar Corp.*, 617 F. Supp. 2d 532, 537 (E.D. Mich. 2007) (denying defendant's motion to dismiss "to the extent that it relies on collateral estoppel" where the prior state court decision determined that, "as a

matter of law, it lacked subject matter jurisdiction"); *Filebark v. U.S. Dep't of Transp.*, 468 F. Supp. 2d 3, 7-8 (D.D.C. 2006) (denying motion to dismiss where plaintiff "previously brought a claim against the United States in the Court of Federal Claims . . . [which] was not decided on the merits and was dismissed for lack of subject matter jurisdiction under the Tucker Act."), *aff'd*, 555 F.3d 1009 (D.C. Cir. 2009), *petition for cert. filed*, 77 U.S.L.W. 3646 (U.S. May 14, 2009) (No. 08-1415).  Moreover, "collateral estoppel applies only to matters that have been actually litigated[.]" *Stebbins v. Keystone Ins. Co.*, 481 F.2d 501, 508 (D.C. Cir. 1973).  The sole claim before the Massachusetts court arose under the FECA, and the instant complaint also raises constitutional and tort claims which plaintiff argues have not been resolved.  *See* Pl.'s Opp'n at 7, 14.  Absent a showing that issues other than the FECA claim actually were litigated in Massachusetts, the prior dismissal does not preclude plaintiff's remaining claims here.

       The Court concludes that this action is not barred under the doctrines of res judicata and collateral estoppel.  The Peace Corps' motion on these grounds will be denied.

### B.  Plaintiff Failed to Exhaust Administrative Remedies

       With respect to plaintiff's claims under the Rehabilitation Act, the ADA, the FOIA, the Privacy Act, and the FTCA, the Peace Corps argues that dismissal is warranted because plaintiff has failed to exhaust his administrative remedies before filing this suit.  Def.'s Mem. at 14-15.  The Court agrees.

#### 1. The Rehabilitation Act and the ADA

       Generally, the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of . . . his disability, be . . . subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or

activity conducted by any Executive agency." 29 U.S.C. § 794. Remedies for a violation of the Rehabilitation Act are available under Title VII of the Civil Rights Act, *see* 29 U.S.C. § 794a, and require that a plaintiff exhaust his administrative remedies prior to filing a lawsuit in federal court. 42 U.S.C. § 2000e-16; *see Spinelli v. Goss*, 446 F.3d 159, 162 (D.C. Cir. 2006) (concluding that the district court "should have dismissed [plaintiff's] Rehabilitation Act claim for lack of jurisdiction on the ground that he failed to exhaust his administrative remedy"); *Spence v. Straw*, 54 F.3d 196, 200 (3d Cir. 1995) ("[A] party is barred from suing a federal agency for violation of section 501 [of the Rehabilitation Act] if he . . . has failed to exhaust administrative remedies under Title VII.").

As with claims under the Rehabilitation Act, "[v]iolations of the ADA must be brought pursuant to Title VII, which requires the plaintiff to exhaust all of [his] administrative remedies before bringing suit." *Jones v. Univ. of the District of Columbia*, 505 F. Supp. 2d 78, 83-84 (D.D.C. 2007); *Marshall v. Fed. Express Corp.*, 130 F.3d 1095, 1098 (D.C. Cir. 1997) ("Before bringing suit in federal court, ADA plaintiffs, like those under Title VII, must exhaust their administrative remedies by filing an EEOC charge and giving that agency a chance to act on it."); *see* 42 U.S.C. § 12117(a).

Plaintiff does not allege that he has pursued a charge of discrimination under either the Rehabilitation Act or the ADA at the administrative level, and nothing in his opposition to defendant's motion or elsewhere the record suggests that he has exhausted his available administrative remedies before filing this action. Hence, these claims will be dismissed. *See, e.g., Smith v. Janey*, __ F. Supp. 2d __, __, 2009 WL 2584821, at *6 (D.D.C. Aug. 24, 2009) (dismissing disability claims under the ADA because "plaintiff's administrative charge did not

identify disability as a basis for his claim").

### 3. The FOIA and the Privacy Act

"Exhaustion of administrative remedies is generally required before seeking judicial review" under the FOIA. *Wilbur v. Central Intelligence Agency*, 355 F.3d 675, 677 (D.C. Cir. 2004) (per curiam). Exhaustion allows "the agency [] an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." *Id.* (quoting *Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 61 (D.C. Cir. 1990)). Exhaustion under the FOIA is not a jurisdictional requirement, *Hidalgo v. Fed. Bureau of Investigation*, 344 F.3d 1256, 1258 (D.C. Cir. 2003), but instead is a prudential consideration. *Wilbur*, 355 F.3d at 677. "If no FOIA request is received, an agency has no reason to search or produce records and similarly has no basis to respond." *Carbe v. Bureau of Alcohol, Tobacco and Firearms*, No. 03-1658, 2004 WL 2051359, *8 (D.D.C. Aug. 12, 2004). A requester who fails to submit a proper FOIA request has not exhausted his administrative remedies. *See Thomas v. Fed. Commc'ns Comm'n*, 534 F. Supp. 2d 144, 146 (D.D.C. 2008) (granting summary judgment in agency's favor "[i]n the absence of any evidence that plaintiff submitted a proper FOIA request to which defendant would have been obligated to respond").    Similarly, "a party challenging the accuracy of an agency's records must first present the claim to the agency and allow the agency to consider whether the records should be amended." *See Hill v. United States Air Force*, 795 F.2d 1067, 1069 (D.C. Cir. 1986) (per curiam) (affirming dismissal of Privacy Act claim for amendment of agency records where plaintiff obtained access to records "but never asked the agency to make any specific amendments to his records"). If a plaintiff fails to exhaust these administrative remedies before filing suit, "his amendment claims in federal court are

premature." *Id.*

A search of the Peace Corps' FOIA and Privacy Act databases yielded neither an outstanding FOIA or Privacy Act request nor a pending administrative appeal filed by plaintiff. Def.'s Mot., Tanaka Decl. ¶ 3.  The Court concludes that plaintiff's FOIA and Privacy Act claims must be dismissed because he failed to exhaust his available administrative remedies prior to filing this action.  *See Hidalgo v. Fed. Bureau of Investigation*, 344 F.3d at 1258; *Kursar v. Transp. Sec. Admin.*, 581 F. Supp. 2d 7, 23 (D.D.C. 2008) (dismissing Privacy Act claim for amendment of agency's personnel records because "the plaintiff's failure to exhaust the administrative remedies provided by [5 U.S.C.] § 552a(d) forecloses any relief under [5 U.S.C.] § 552a(g)(1)(A)").

### 3. The FTCA

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983).  Such consent may not be implied, but must be "unequivocally expressed." *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992).  The FTCA operates as a limited waiver of sovereign immunity, rendering the United States amenable to suit for certain, but not all, tort claims.  *See, e.g., Richards v. United States*, 369 U.S. 1, 6 (1962).  "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994).

The FTCA does not waive the United States' sovereign immunity for constitutional torts that may be committed by its employees.  *See* 28 U.S.C. § 2679(b)(1), (2); *Meyer v. Fed. Bureau of Prisons*, 929 F. Supp. 10, 13 (D.D.C. 1996); *Kline v. Republic of El Salvador,* 603 F. Supp.

1313, 1316-17 (D.D.C. 1985). To the extent that plaintiff demands relief for defendants' violations of his constitutional rights, these claims must be dismissed. "[T]he United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. at 478; *see Zakiya v. United States*, 267 F. Supp. 2d 47, 56 (D.D.C. 2003) (dismissing prisoner's claims of alleged deprivation of constitutional rights); *Marshall v. Reno*, 915 F. Supp. 426, 434 (D.D.C. 1996) ("To the extent that the plaintiff seeks damages against the United States or the individual federal defendants in their official capacities, his claims must be dismissed absent a waiver of sovereign immunity.").

Furthermore, under the FTCA, a plaintiff must exhaust his administrative remedies before filing a civil action in district court. Exhaustion occurs upon presentation of the claim to the agency, and receipt either of the agency's written denial or its failure to make a decision within six months after the filing of the claim. *See* 28 U.S.C. § 2675(a). Because the FTCA bars a plaintiff from bringing a civil action in district court until he has exhausted his administrative remedies, the FTCA claim must be dismissed. *McNeil v. United States*, 508 U.S. 106, 113 (1993) (affirming district court's dismissal of FTCA claims on the ground that "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."); *Cureton v. United States Marshals Serv.*, 322 F. Supp. 2d 23, 27 (D.D.C. 2004) (dismissing FTCA claim where plaintiff did not satisfy presentment requirement because her claim form contained "contradictory claim amounts" and she "never responded to the defendants' request for clarification").

### D. Plaintiff's Claims Are Time-Barred

Assuming that plaintiff had exhausted his various administrative remedies prior to filing

this action, his claims still are subject to dismissal as untimely.  Generally, "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C. § 2401(a).  Plaintiff's injury and separation from the Peace Corps occurred in 1989, nearly 20 years before he filed this action.

### III.  CONCLUSION

The Court concludes that plaintiff has not exhausted his administrative remedies under the Rehabilitation Act, the ADA, the FOIA, the Privacy Act, or the FTCA.  Even if he had exhausted his administrative remedies, his claims are time-barred.  Accordingly, the Court will grant defendant's motion to dismiss.  An Order accompanies this Memorandum Opinion.

 

/s/
JOHN D. BATES
United States District Judge

DATE:  November 2, 2009